UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig A. Martin,                                        Case No.   3:26-cv-1172

          Plaintiff

     v.                                                MEMORANDUM OPINION
                                       AND ORDER

Celina Municipal Court, *et al.*,

          Defendants

### Background

*Pro se* plaintiff Craig A. Martin has filed a fee-paid complaint in this action under 42 U.S.C. §

1983 against the Celina Municipal Court, Judge Kathryn Speelman, and Prosecuting Attorney

George Moore.   (Doc. No. 1.)

Like a prior case he filed in this court (*see Martin v. Trooper R. Lamarr*, No. 3: 26-cv-1019

(N.D. Ohio 2026)), plaintiff's complaint in this case pertains to traffic court proceedings pending

against him in Celina Municipal Court.   *See State of Ohio v. Craig A. Martin*, Case No. TRD2600143

(Celina Mun. Ct. filed Jan. 22, 2026).   In this case, plaintiff contends his constitutional rights were

violated on the basis he was not permitted to present "constitutional defenses and emergency-

related defenses" in a pretrial proceeding in the case.   (Doc. No. 1 at ¶¶ 13-14).   He seeks damages

($1 million) and declaratory and injunctive relief.

### Standard of Review and Discussion

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of

their jurisdiction in every case.   *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*,

1

556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). The Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As I found in plaintiff's prior case, I find plaintiff's present complaint warrants dismissal for lack of subject-matter jurisdiction under the abstention doctrine, which prohibits a federal court from exercising jurisdiction in actions interfering with pending state-court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Federal-court abstention is warranted where: (1) a state proceeding is on-going; (2) the proceeding implicates an important state interest; and (3) the proceeding affords a plaintiff an adequate opportunity to raise federal concerns. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*). As to the third factor, courts must initially presume that a state proceeding affords a plaintiff an adequate opportunity to raise federal concerns, and the burden of establishing inadequacy of the state procedures rests on the plaintiff. *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 Fed. App'x 201, 205 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). A federal court should assume that state procedures will afford an adequate remedy in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

The factors warranting federal-court abstention present here. The traffic proceedings that are the subject of plaintiff's complaint are still pending against him, and such proceedings implicate important state interests. S*ee, e.g., Martin v. Trooper R. Lamarr*, No. 3:26-cv-1019, slip op. at 4 (N.D. Ohio July, 28, 2026). The third factor is present as plaintiff has not demonstrated "unambiguous authority" that state procedures preclude him from raising his federal concerns in state court. Although plaintiff complains he was not allowed to speak and assert defenses as he desired in a

pretrial proceeding, he has not demonstrated that state procedures preclude him from raising his concerns in the case, at trial or otherwise. Plaintiff has not met the burden of demonstrating "that state procedural law barred presentation" of his federal claims. *Pennzoil*, 481 U.S. at 14.

Accordingly, without regard to the merits or plausibility of plaintiff's alleged claims against defendants, his complaint warrants dismissal for lack of subject-matter jurisdiction under the *Younger* abstention doctrine.

### Conclusion

Based on the foregoing, plaintiff's alleged claims in this case for injunctive and declaratory relief are dismissed on the basis of *Younger*, and his remaining claims for damages are STAYED pending the conclusion of the state court proceedings in the Celina Municipal Court, including all appeals of the judgment in that case. *See Meyers*, 23 Fed. App'x at 207 (holding that dismissal without prejudice of claims for injunctive and declaratory relief on the basis of the *Younger* abstention doctrine was proper, and stay rather than dismissal was proper with respect to plaintiffs' damages claims).

This case is ADMINISTRATIVELY CLOSED, subject to reopening only upon a written motion to reopen filed by plaintiff demonstrating that the state court case listed above and all appeals in that case have been resolved or concluded. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, no other filings will be considered by the Court, and the Clerk's Office is directed to return any documents submitted for filing other than a motion to reopen.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3